ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br>V.<br><br>**ANTHONY VÁZQUEZ**<br>DEMANDADA(S)-PETICIONARIA(S) | **KLCE202400205** | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **HUMACAO**<br><br>Caso Núm.<br>**HSCR202300637 y HSCR202300638 (204)**<br><br>Sobre:<br>Art. 401; Art. 412 Ley de Sustancias Controladas |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 15 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **ANTHONY VÁZQUEZ** (señor **VÁZQUEZ**) mediante *Petición de Certiorari* incoada el 20 de febrero de 2024. En su recurso, nos solicita que revisemos la *Resolución* emitida el 29 de enero de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao.[1] Mediante la referida determinación, el foro de instancia declaró *ha lugar* la *Moción sobre Desestimación al Amparo de la Regla 64(P) de las de Procedimiento Criminal y el Debido Proceso de Ley* presentada el 8 de diciembre de 2023 por el señor **VÁZQUEZ**. Así las cosas, dejó sin efecto las determinaciones de causa en los delitos imputados; devolvió el caso a la etapa de vista preliminar para la celebración de audiencia; y pautó señalamiento para el 27 de febrero de 2024.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 31 de enero de 2024. Véase Apéndice de *Petición de Certiorari*, págs. 37-41.

Número Identificador:  RES2024_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 27 de marzo de 2023, el **MINISTERIO PÚBLICO** presentó dos (2) denuncias por alegadas violaciones a los Artículos 401 y 412 de la *Ley Núm. 4 de 23 de junio de 1971*, según enmendada, conocida como *Ley de Sustancias Controladas de Puerto Rico*, contra el señor **VÁZQUEZ**.[2] Ese mismo día, en la audiencia de causa probable para arresto, se determinó causa probable y se pautó la vista preliminar para el 5 de abril de 2023.

Luego de varios incidentes procesales, tal audiencia se celebró el 26 de septiembre de 2023. En dicha vista, el **MINISTERIO PÚBLICO** presentó el testimonio del Agte. Juan P. Albizu De Jesús, placa núm. 37301, adscrito a la División de Vehículos Hurtados de Humacao. Al culminar la presentación de la prueba, se hizo determinación de *no causa probable para acusar* en los delitos imputados al señor **VÁZQUEZ**. Ante esta situación, en corte abierta, el **MINISTERIO PÚBLICO** solicitó una vista preliminar en alzada, la cual fue pautada para el 12 de octubre de 2023.

El 5 de octubre de 2023, el **MINISTERIO PÚBLICO** presentó una *Moción Urgente en Solicitud de Reconsideración* en cuanto a la determinación de *no causa para acusar*.[3] El 10 de octubre de 2023, el expediente del caso fue remitido a la consideración de la juez que atendió la vista preliminar. Al día siguiente, el 11 de octubre de 2023, se emitió *Orden* requiriéndole al señor **VÁZQUEZ** fijar su posición sobre la solicitud de reconsideración.

Consecuentemente, el 12 de octubre de 2023, el juez asignado para celebrar la vista preliminar en alzada determinó que no podía atender el caso ante la solicitud de reconsideración. Inclusive, en

---

[2] 24 LPRA § 2101. Véase Apéndice de *Petición de Certiorari*, págs. 1- 4.
[3] *Íd.*, págs. 5- 7.

corte abierta, la entonces representación legal del señor **VÁZQUEZ** informó que estaba lista para replicar la solicitud de reconsideración. No obstante, el juez instruyó al licenciado Carlos M. Aponte Nieves a realizar los planteamientos ante la juez que atendió la vista preliminar.

Después, el 31 de octubre de 2023, se celebró una audiencia sobre reconsideración. Ese día, el licenciado Aponte Nieves renunció a la representación del señor **VÁZQUEZ**; la cual fue aceptada por el Tribunal; se instruyó al señor **VÁZQUEZ** buscar nueva representación legal y, en consecuencia, se reséñaló la audiencia sobre reconsideración para el 3 de noviembre de 2023.

En la audiencia pautada para el 3 de noviembre de 2023, el señor **VÁZQUEZ** compareció sin representación legal. A pesar de, y sin la presencia de un abogado de defensa, el Tribunal modificó su dictamen; determinó *causa probable para acusar;* y dejó citado al señor **VÁZQUEZ** para el *Acto de Lectura de Acusación* a celebrarse el 13 de noviembre de 2023.[4]

El 9 de noviembre de 2023, el señor **VÁZQUEZ** presentó una *Moción en Virtud del Debido Proceso de Ley y el Derecho a Estar Representado por Abogado* en la cual solicitó se dejara sin efecto la determinación tomada en la vista de reconsideración.[5] Días después, el 13 de noviembre de 2023, en el acto de lectura de acusación, el tribunal primario prescribió posponer el señalamiento para el 29 de noviembre de 2023. Ante ese proceder, la juez que atendió la vista preliminar señaló una audiencia para el 27 de noviembre de 2023 y, le requirió al **MINISTERIO PÚBLICO** exponer su posición.

---

[4] Ese mismo día, el licenciado Erick J. Vázquez González fue designado como Abogado Voluntario de Oficio. Junto a la designación, recibió las denuncias y *Resolución* emitida el 3 de noviembre de 2023. Véase Apéndice de *Petición de Certiorari,* págs. 8- 11.
[5] *Íd.,* págs. 12- 16.

El 27 de noviembre de 2023, escuchados los planteamientos de ambas partes, el foro *a quo* declaró *no ha lugar* a la *Moción en Virtud del Debido Proceso de Ley y el Derecho a Estar Representado por Abogado* y ordenó la continuación de los procedimientos, conforme a su dictamen de 3 de noviembre de 2023. El señor **VÁZQUEZ** – en corte abierta- solicitó que se notificara la *Resolución* o *Minuta* para recurrir de dicha determinación. El 28 de noviembre de 2023, el señor **VÁZQUEZ** presentó *Urgente Moción Informando Intención de Recurrir al Tribunal de Apelaciones y Solicitud de Minuta y/o Resolución del Tribunal para Recurrir*.[6] El 7 de diciembre de 2023, el tribunal primario declaró *no ha lugar* la paralización del acto de lectura de acusación.[7]

Al próximo día, el señor **VÁZQUEZ** presentó *Moción sobre Desestimación al Amparo de la Regla 64(P) de las de Procedimiento Criminal y el Debido Proceso de Ley*.[8] Reiteró su contención de que el ordenamiento jurídico no le reconoce al **MINISTERIO PÚBLICO** una vista para reconsiderar una determinación de *no causa* y, por ende, solo tienen a su disposición el mecanismo procesal de la vista preliminar en alzada. En respuesta, el 22 de diciembre de 2023, el **MINISTERIO PÚBLICO** presentó su *Moción en Oposición a Desestimación al Amparo de la Regla 64 (P) de las de Procedimiento Criminal*.[9]

El 29 de enero de 2024, en corte abierta, el foro primario declaró *no ha lugar* la solicitud de desestimación presentada por el señor **VÁZQUEZ.** Ante ello, el 31 de enero de 2024, se notificó la *Resolución* objeto del presente recurso.

---

[6] Véase Apéndice de *Petición de Certiorari*, págs. 17- 19.
[7] *Íd.*, pág. 20. El 29 de noviembre de 2024, se celebró el acto de lectura y se pautó audiencia para el 20 de diciembre de 2024.
[8] *Íd.*, págs. 25- 32.
[9] *Íd.*, págs. 33- 36.

En desacuerdo con ese proceder, el 20 de febrero de 2024, el señor **VÁZQUEZ** recurrió ante este tribunal intermedio punteando el(los) siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia al variar su dictamen de No Causa para Acusar emitido en una vista preliminar conforme la Regla 23, mediante la celebración de una vista de reconsideración.

> Erró el Tribunal de Primera Instancia al disponer que desestimadas las acusaciones en virtud de la Regla 64(p) se debe regresar a una vista preliminar en la que previamente hubo una determinación de *No causa probable para acusar*.

Ese mismo día, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un plazo hasta el 23 de febrero de 2024, para presentar posición sobre la moción de auxilio de jurisdicción y mostrar causa por la cual no debamos expedir el auto de *certiorari* y revocar el dictamen impugnado.

El día 23 de febrero de 2024, el **MINISTERIO PÚBLICO**, presentó una *Solicitud de Desestimación por Academicidad.*[10]

Evaluado concienzudamente el expediente del caso; y contando con el beneficio de la comparecencia de ambas partes; nos encontramos en posición de resolver. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

### - II -

### - A -

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[11] Por ende, la falta de *jurisdicción* de un tribunal

---

[10] Dicho escrito está acompañado de copia de *Moción de Archivo al Amparo de la Regla 247 A de las de Procedimiento Criminal* presentada el 22 de febrero de 2024 en el caso HSCR202300637 y 00638. En lo pertinente expuso: "[e]l **MINISTERIO PÚBLICO** ha determinado, luego de examinar minuciosamente el sumario fiscal y el tracto procesal del caso de autos, solicitar al Honorable Tribunal el archivo sin perjuicio de estos asuntos, al amparo de la Regla 247 a de las de Procedimiento Criminal".

[11] *Pueblo v. Torres Medina,* 2023 TSPR 50, 211 DPR ___ (2023); *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023).

incide directamente sobre su poder para adjudicar una controversia.[12]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[13]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[14]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[15]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable

---

[12] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).
[13] *Pueblo v. Torres Medina, supra; FCPR v. ELA et al., supra; Allied Mgmt. Group v. Oriental Bank, supra*, págs. 366-387.
[14] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).
[15] *Allied Mgmt. Group v. Oriental Bank, supra; Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019).

(tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*".[16] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[17]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[18] Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida.[19] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[20] Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real y sustancial.[21]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por

---

[16] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*
[18] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).
[19] *San Gerónimo Caribe Proyect v. ARPE*, 174 DPR 640 (2008).
[20] *Íd.*
[21] *Ortiz v. Panel FEI*, 155 DPR 219 (2001).

alguna razón, no tendrá efectos prácticos sobre una controversia existente.[22] Como regla general, un caso es *académico* "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia".[23]

La Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones dispone en lo pertinente que: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: [    ]…(5) que el recurso se ha convertido en académico".[24] Una vez un tribunal determina que no tiene *jurisdicción,* "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[25] Ello sin entrar en los méritos de la controversia ante sí.

**- B -**

Cuando evaluamos nuestro ordenamiento procesal penal, el vehículo apropiado mediante el cual un tribunal de justicia puede archivar o sobreseer una acusación o denuncia es la Regla 247 de las de Procedimiento Criminal.[26] La aludida regla dispone:

> (a) Por el Secretario de Justicia o **fiscal**. El Secretario de Justicia o **el fiscal** podrán, previa aprobación del tribunal, sobreseer **con o sin perjuicio** para un nuevo proceso una denuncia o acusación con respecto a todos o algunos de los acusados. Excepto según se dispone en el inciso (c) de esta regla, dicho sobreseimiento no podrá solicitarse durante el juicio, sin el consentimiento de dichos acusados.[27]

---

[22] *Amador Roberts et als. v. ELA,* 191 DPR 268, 282 (2014).
[23] *Bhatia Gautier v. Gobernador,* 199 DPR 59 (2017).
[24] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*
[25] *Allied Mgmt. Group v. Oriental Bank, supra,* pág. 385.
[26] 34 LPRA Ap. II. R. 247.
[27] (Énfasis nuestro).

Esto implica, que para que proceda el archivo al palio de la referida Regla 247 de las de Procedimiento Criminal es necesario evaluar la naturaleza del delito por el cual el acusado está siendo procesado. En esa dirección, el sobreseimiento es **con perjuicio** si se trata de un delito menos grave o se realiza bajo el inciso (b) o (c) de la citada norma. Por el contrario, el sobreseimiento será **sin perjuicio** cuando se realiza con el consentimiento del acusado y la previa autorización del tribunal.[28]

**- III -**

En su petición de *Certiorari*, el señor **VÁZQUEZ** nos solicita que revisemos la *Resolución* dictaminada el 29 de enero de 2024 por el foro de primera instancia, mediante la cual se declaró *ha lugar* su *Moción sobre Desestimación al Amparo de la Regla 64(P) de las de Procedimiento Criminal y el Debido Proceso de Ley* presentada el 8 de diciembre de 2023. Así las cosas, se dejaron sin efecto las determinaciones de causa en los delitos imputados; se devolvió el caso a la etapa de vista preliminar para la celebración de audiencia; y se pautó señalamiento para el 27 de febrero de 2024.

Hemos evaluado nuestro legajo, así como la página web del Poder Judicial del cual surge que el pasado 22 de febrero, se presentó *Moción de Archivo al Amparo de la Regla 247 A de las de Procedimiento Criminal* enunciando: "[e]l **MINISTERIO PÚBLICO** ha determinado, luego de examinar minuciosamente el sumario fiscal y el tracto procesal del caso de autos, solicitar al Honorable Tribunal el archivo sin perjuicio de estos asuntos, al amparo de la Regla 247 de las de Procedimiento Criminal". Ante ello, tomamos conocimiento judicial de dicho escrito. Ello, sin duda, tuvo el efecto de tornar en académica la controversia interlocutoria planteada en el recurso de *Certiorari*, aun cuando esta pudo haber sido justiciable en un inicio.

---

[28] D. Nevares Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 10ma edición, págs. 155 – 156 (2018). (énfasis nuestro).

Ante ello, entendemos que los hechos medulares han cambiado, y el planteamiento del señor **VÁZQUEZ** ha sido atendido. Ante la ausencia de una controversia genuina entre las partes, entendemos que la petición de *Certiorari* se ha tornado *académica* y en consecuencia, carecemos de *jurisdicción* para atender la misma.

**– IV –**

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por ***academicidad,*** el recurso de *Certiorari* entablado el 20 de febrero de 2024 por el señor **VÁZQUEZ**, y ordenamos el cierre y archivo del presente caso.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones